*Tagged opinion*
*Do not publish*



**ORDERED in the Southern District of Florida on February 17, 2026.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: | CASE NO. 25-13393-BKC-LMI |
| Geisy Valdes Caballero, | Chapter 7 |
| Debtor. _____/ | |
| Diana Gonzalez and Cynthia Gonzalez, | ADV. CASE NO. 25-1247-LMI |
| Plaintiff(s), vs. | |
| Geisy Valdes Caballero, | |
| Defendant. _____/ | |

**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY**

This matter came before the Court for hearing on February 10, 2026 (the "Hearing") upon the Defendant, Geisy Valdes Caballero's (the "Defendant" or "Debtor") Motion to Dismiss First

Amended Complaint to Determine Dischargeability (ECF #23) (the "Motion") and the response (ECF #31) filed by the Plaintiffs. The Motion seeks dismissal of the First Amended Complaint to Determine Dischargeability (ECF #22) (the "Amended Complaint") filed by the Plaintiffs on November 21, 2025 for two reasons. First, the Defendant argues the Amended Complaint should be stricken as an unauthorized pleading for failure to be timely filed. Second, the Defendant argues that the Amended Complaint must be dismissed for failure to state a cause of action pursuant to Fed. R. Civ. P. 12(b)(6).

As to the first issue, the Court has reviewed the case law cited by the Defendant in the Motion and finds cause to grant the Motion on the basis that the Amended Complaint was filed untimely. On November 3, 2025, the Court entered an Order Granting Motion to Dismiss (ECF #18) (the "Order") and directed the Plaintiffs to file an amended complaint by November 20, 2025. The Amended Complaint was filed three minutes after the deadline set forth in the Order on November 21, 2025 at 12:03 a.m. On January 8, 2026, the Plaintiffs filed a Motion to Enlarge Time Nunc Pro Tunc to File First Amended Complaint (ECF #30) (the "Extension Motion") seeking to extend the deadline set forth in the Order to deem the Amended Complaint timely filed pursuant to Fed. R. Bankr. P. 9006(b)(1)(B) on the basis of excusable neglect.[1] The Extension Motion argues that the excusable neglect was due to counsel's technical difficulties in uploading the Amended Complaint.

Plaintiffs rely on Bankruptcy Rule 9006(b)(1)(B) which allows the Court to retroactively extend the time to act if the failure to act within the prescribed period resulted from excusable neglect. However, Bankruptcy Rule 9006(b)(3)(A) makes clear that Bankruptcy Rule 9006(b)(1) does not apply to deadlines to file a complaint to determine the dischargeability of a debt under 11

U.S.C §523(c): "[t]he court may extend the time to act under [Rule 4007(c)]—but only as permitted by [that rule]." Fed. R. Bankr. P. 9006(b)(3)(A). Bankruptcy Rule 4007(c) provides: "[o]n a party in interest's motion filed before the time expires, the court may, after notice and a hearing and for cause, extend the time to file." Here, there is no dispute that the Extension Motion was filed after expiration of the Order's deadline to file an amended complaint. Therefore, because 9006(b)(1)(B) does not apply, and because the Extension Motion was not filed prior to expiration of the deadline pursuant to Rule 4007(c), the Court does not have authority to grant the Extension Motion.

While it may seem harsh that missing a deadline by three minutes means that the Plaintiffs will be unable to pursue this litigation, the law is very clear that the deadline to file a complaint to determine dischargeability of debts is immovable once the deadline to file the complaint expires. The deadline to file complaints regarding discharge and dischargeability are sacrosanct, and even missing the deadline by minutes is minutes too late. *See Anwar v. Johnson,* 720 F.3d 1183, 1187 (9th Cir. 2013) (holding that nondischarability complaints filed 26 minutes and 38 minutes after the deadline rendered them untimely filed).

The fact that the deadline missed was the deadline to file an amended complaint rather than the original complaint does not change the result. An order dismissing a complaint pursuant to Rule 12(b)(6) with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff seeking an extension. *See Payroll Management, Inc. v. Fla. Self-Insurers Guar. Ass'n (In re Payroll Mgmt.),* 2022 WL 17418868, *2 (Bankr. N.D. Fla. 2022) (citing *Automotive Alignment & Body Service, Inc. v. State Farm Ins. Co*., 953 F.3d 707, 719-20 (11th Cir. 2020)). Therefore, the Order became a final judgment on November 21, 2025 and

---

1 The Court will enter a separate order denying the Extension Motion based on the reasons set forth in this order.

Bankruptcy Rule 9006(b)(1) does not allow a court to extend the time for a party to act after an order becomes final. *See Payroll Mgmt.,* 2022 WL 17418868 at *3.

Even if Rule 9006(b)(1) did apply or if the Court construed the Extension Motion as a motion under Fed. R. Bankr. P. 9024 (Federal Rule 60(b)(1)), Plaintiffs do not allege sufficient excusable neglect to meet the standard set by the Supreme Court in *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). Plaintiffs' failure to timely file the Amended Complaint due to technical difficulties does not meet the excusable neglect standard. *See Payroll Mgmt.,* 2022 WL 17418868 at *7 ("A party is accountable for the actions, or inaction, of its counsel.  In the Eleventh Circuit, an attorney's error or general negligence does not constitute excusable neglect under Federal Rule 60(b)(1). This is especially true where, like here, the order setting the deadline for action is clear and unambiguous.").

As to the second basis for dismissal in the Motion, even if the Amended Complaint had been timely filed, the Court would nonetheless dismiss the Amended Complaint.  The gravamen of the original complaint and the Amended Complaint is first, that the Debtor is personally liable for obligations arising from a home renovation contract between the Plaintiffs and a company of which, according to the Amended Complaint, the Debtor was president.  However, there are no allegations in the Amended Complaint that state a cause of action against the Debtor personally for the acts of the corporation.  There are also allegations that the Debtor took funds for personal use but only based on "information and belief" without any allegations as to what is the basis for the "information and belief." That general style of pleading was rejected by the Supreme Court in  *Twombly* and *Iqbal*,  which require that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)

4

(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)). Finally, the allegations regarding the storage unit don't even identify whether it was the corporation or the Debtor who was allegedly responsible for paying the storage fees, or how any of those allegations would fit into one of the criteria for non-dischargeability.

    Accordingly, it is hereby,

    **ORDERED AND ADJUDGED** as follows:

1.     The Motion is **GRANTED**.

2.     The Amended Complaint is dismissed with prejudice.

###

Copies furnished to:
Aimee Melich, Esq.
Richard Robles, Esq.

    Attorney Robles is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF, and file a proof of such service within two (2) business days from entry of the Order.